# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

———————

No. 23-10129

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jordan Kilpatrick,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-219-1

———————————————————————

Before Clement, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jordan Kilpatrick appeals a sentence imposed after he violated the terms of his supervised release when he pleaded guilty to possession of and access with the intent to view child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(5)(B). Kilpatrick alleges that the district court impermissibly delegated sentencing authority to the probation

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

officer because its order was ambiguous as to the term of supervised release that follows his re-imprisonment.

Because Kilpatrick failed to raise this objection in the district court, we review for plain error. *See United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021). "If an error is not properly preserved, appellate-court authority to remedy the error . . . is strictly circumscribed." *Puckett v. United States*, 556 U.S. 129, 134 (2009). To prevail, Kilpatrick must show that the district court made a clear or obvious error that affected his substantial rights. *See United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022). If he meets this difficult standard, we have discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Kilpatrick violated the terms of his supervised release approximately three-and-a-half years into his ten-year term. The district court ordered Kilpatrick re-incarcerated for eight months and stated that, "Upon completion of imprisonment, the defendant should continue to serve the balance of the term remaining of supervised release." Kilpatrick contends that the term "balance" is "inherently ambiguous" and provides the probation officer with "authority to set the duration of the term of supervised release."

Given that 18 U.S.C. § 3624(e) provides, among other guidance, that "[a] term of supervised release does not run during any period in which the person is imprisoned" for more than thirty consecutive days, we do not agree that the order is ambiguous or that it reasonably leaves open the interpretations that Kilpatrick suggests. The "balance" of Kilpatrick's term of supervised release is ten years minus the time he spent on supervised release prior to his re-incarceration. We also conclude that the probation officer is bound by the district court's language and do not consider the

officer's execution of the order a delegation of judicial authority. Even accepting that there was an error here, Kilpatrick fails to provide direct precedent to prove that the error was clear or obvious. *See United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005).

The judgment of the district court is affirmed.